

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Bascom Giles
Commissioner, General Land Office
Austin, Texas

Dear Mr. Giles:    Opinion No. 0-3342
Re:  Is the lessee of a
State lease issued by
virtue of Ch. 83, Acts
of 1917, authorized
to relinquish to the
State a portion of the
area covered by such
lease?

Your letter of March 27, 1941, sets forth certain
facts relative to the issuance of State lease No. 2525 on
February 19, 1921, to O. B. Colquitt and J. M. Graves,
covering a portion of Clear Fork and the Brazos River bed
in Young County, Texas, also covering Section 10, Brazos
River Indian Reserve. You state that in 1931 a ten year
renewal lease was issued, which has now expired, and that
a second renewal lease has been requested by the lessee.
You further state that a number of wells have been drilled
on this lease, only one of which is now producing, and
that no $2.00 per acre annual payments whatever have been
paid to the State by the lessee.

You request our opinion upon the validity of a
proposal which is stated by your letter as follows:

"* * * I now propose with your approval to
submit to the lease owners the proposition of
allowing them, under such method or procedure
as you might deem best, to relinquish to the
State that part of the lease covering the main
Brazos River, together with said Section 10,

Hon. Bascom Giles, Page 2

> BRIR, and continue in force that part of the bed
> of the Clear Fork embraced in the lease, or at
> least a reasonable amount of acreage in the vi-
> cinity of the producing gas well conditioned,
> however, upon the payment of all rentals on the
> acreage retained in the lease of $2.00 per acre
> from the inception of the original lease down to
> the present time."

The lease in question resulted from discovery of
oil under an oil and gas prospecting permit issued by virtue
of the authority of Chapter 83, Acts of 1917. Section 16
of said Act provides:

> "When one desires a lease or patent any one
> or more whole tracts in the permit may be aban-
> doned by relinquishment filed in the General Land
> Office as herein provided and thereupon obtain
> a lease or patent upon the remaining area; pro-
> vided such remaining areas is in a solid body.

> "An owner may relinquish a permit or lease
> at any time by having the deed of relinquishment
> acknowledged, recorded by the proper county clerk
> and filed in the General Land Office accompanied
> by one dollar filing fee."

There is no express authorization in Chapter 83
for the relinquishment of a part only of the land covered
by a mineral lease. As shown by the above quoted portion
of the statute, the only relinquishments authorized by
Chapter 83 are:

(1) "One or more whole tracts in the permit",
which relinquishment is authorized to be made at the time
a lease is issued, and

(2) the relinquishment of "a permit or lease" at
any time.

Since the Legislature saw fit by express provision to
authorize an abandonment or relinquishment of a portion of the
area covered by the permit at the time a lease was issued but
failed to provide for a partial relinquishment subsequent to the
issuance of lease, it appears evident that it was the Legis-
lature's intention to refuse to authorize the relinquishment

Hon. Bascom Giles, Page 3

of a portion only of the area covered by a lease after the permit had been merged into a lease.

This view has been heretofore expressed by this Department in Opinion No. 2947, dated March 3, 1934, addressed to Hon. J. H. Walker, Commissioner of the General Land Office, p. 295 of the Reports and Opinions of the Attorney General 1932-1934. Although the opinion above referred to dealt with the permit Act of 1913, a comparison of that Act with Chapter 83 discloses that the 1913 Act contained substantially the same provisions with respect to relinquishment of permits and leases as is contained in the 1917 Act. We quote as follows from the 1934 opinion:

"Having elected to receive one lease for the entire acreage, they could not thereafter relinquish a portion of the leased area under the terms of Section 25 of the act. If they thereafter desired to relinquish the lease they were required to relinquish the entire area, or no part of it."

We are in accord with the conclusion announced in the above quoted opinion, and we accordingly advise you that, in our opinion, you are not authorized to accept a relinquishment of a portion only of the area covered by lease No. 2825.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Robert E. Kepke
    Robert E. Kepke
     Assistant

APPROVED MAY 21, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

REK:BT


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN